CASSIDY et al. v. ALDHOUS.

(City Court of New York, General Term. May 9, 1893.)

DISMISSAL OF ACTION.
    In an action for the price of goods alleged to have been sold to defendant through his agents, there being no evidence of the sale and delivery to defendant, or that the alleged agents had any authority to make the purchase, a motion to dismiss should have been granted.

Appeal from trial term.

Action by Patrick J. Cassidy and J. Richard Alder against Frederick Aldhous. Judgment for plaintiffs. Defendant appeals. Reversed.

Argued before EHRLICH, C. J., and NEWBURGER, J.

W. E. Benjamin, for appellant.
Thomas C. Ennever, for respondents.

NEWBURGER, J. This is an appeal from a judgment entered upon a verdict, and from an order denying a motion made upon the minutes to set aside the verdict, and for a new trial, upon the ground that the verdict was contrary to the evidence, and against the weight of evidence, and contrary to the law. This action was brought for plumbers' materials alleged to have been sold and delivered by the plaintiffs to defendant. The complaint alleged a sale to the defendant, and that the purchase was made through Pearse and Thornton, his agents, who were authorized to buy the materials for his account. The answer was a general denial. At the close of plaintiffs' case, defendant moved to dismiss the complaint, on the ground that the evidence was insufficient to sustain the claim made in the pleadings for goods sold and delivered to the defendant. The court denied the motion, and the defendant excepted.

We think the trial justice erred. There was no evidence to go to the jury showing a sale and delivery of any goods to the defendant, or that Pearse and Thornton had any authority to act for defendant, and the motion to dismiss the complaint should have been granted. The judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event.