(7 Misc. Rep. 247.)

## CASSIDY et al. v. ALDHOUS.[1]

(City Court of New York, General Term. February 8, 1894.)

CONTRACTS—ABANDONMENT.

> Where a claimant who had released his lien on the agreement of the owner to pay the claim afterwards reinstates his lien because of the refusal of the owner to make the payment, he thereby abandons the agreement with the owner, and cannot afterwards sue on it.

Appeal from trial term.

Action by Patrick Cassidy and another against Frederick Aldhous. From a judgment of nonsuit, plaintiffs appeal. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and FITZ-SIMONS, JJ.

T. C. Ennever, for appellants.

W. E. Benjamin, for respondent.

VAN WYCK, J. The plaintiffs were nonsuited at trial, and their proof shows that on June 17, 1890, they filed a mechanic's lien, claiming $541.84, and in their notice of claim they certified "that the name of the owner, against whose interest a lien is claimed, is Frederick Aldhous, [this defendant,] and that the name of the persons by whom claimants [these plaintiffs] were employed, and to whom they furnished such materials, is the firm of Pearse & Thornton;" that the first time that plaintiffs or any one on their behalf ever interviewed this defendant was on the day after the filing of said lien, when the salesman had an interview with him, and he then "agreed to pay plaintiffs $500 by note if they would take off the lien;" that thereupon, on the following day, they satisfied the lien of record. This amounted to a binding contract as between the plaintiffs and defendant, and, if the plaintiffs had rested on their rights, they could have recovered the $500 from him in the proper action. Plaintiffs' salesman who negotiated with defendant in the matter says at folio 62 that defendant said to him, "You call here on Tuesday, and we will settle that matter if the lien does not appear in Saturday's Real-Estate Record," and that the lien did not appear in the Record; and at folio 63 this salesman says that "on the following Tuesday the defendant refused to give me the note which he had promised, stating that we might put the lien back, which we did, and filed it." When the defendant refused to deliver his note as agreed, the plaintiffs had an absolute right to rely upon the contract

[1] Affirmed. See 27 N. Y. Supp. 991.

and its breach, and to have sued him for $500; for where a payment is agreed to be made by note, and such note is not given, the party entitled may sue for the amount, without awaiting the expiration of the term for which the note was to be made. But plaintiffs, instead of so relying on their rights, elected to refile and reinstate their lien. By this refiling of the lien after defendant had refused to deliver the note the plaintiffs reinstated all of their rights under the lien, and thus repossessed themselves of the rights which they had released as the consideration for defendant's promise to pay by note; in other words, they had consented to receive back from the defendant the entire consideration which they had parted with on the faith of his promise. This amounted to a failure of consideration and an abandonment of the contract by mutual consent. About one year thereafter, and without any further negotiations or agreement with defendant, these plaintiffs commenced this action against him to recover the price of the sale and delivery to him of the very same labor and materials which they had claimed in their notice of lien as sold and delivered to the firm of Pearse & Thornton, and served a bill of particulars of their claim in this action, consisting of 25 items, aggregating $540.30. When this action was first tried the plaintiffs recovered a verdict, upon which judgment was entered, and from which defendant appealed, and on such appeal properly secured its reversal and a new trial on the ground that "there was no evidence to go to the jury showing a sale and delivery of any goods to the defendant, or that Pearse & Thornton had any authority to act for defendant, and the motion to dismiss should have been granted." 23 N. Y. Supp. 318. The bringing of this action one year after the plaintiffs had reinstated their lien and reclaimed and repossessed themselves of the consideration which they had parted with for defendant's promise to deliver them a note for $500, confirms the conclusion that they had elected to abandon the contract by which he was to deliver the note. Before the new trial ordered by the general term was had, the plaintiffs sought and secured, at special term, an amendment of their complaint by adding to the third paragraph thereof the words: "That is to say, defendant agreed to give to plaintiffs his note for $500 in payment of said materials on condition that plaintiffs would cancel a certain mechanic's lien," etc.; and under this they were permitted to make proof, as above stated, that they had first filed the lien, and, upon defendant's promise to give them his note for $500, had canceled same of record, and then, upon his refusal to so deliver the note, they had refiled and reinstated the lien, and that they had, about one year thereafter, brought this action. They thus failed to show defendant's liability on his promise to give the note for the release of their lien, which was an apparent incumbrance on his property, and they also failed to show that defendant was liable as vendee of the goods sold and delivered, and hence were rightly nonsuited at trial. Judgment of nonsuit affirmed, with costs. All concur.